**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raghav Raghav, | No. CV-20-00551-PHX-DJH |
| Petitioner, | **ORDER** |
| v. | |
| Chad Wolf, et al., | |
| Respondents. | |

This matter is before the Court on Respondents' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(3), or alternatively to transfer the matter to the United States District Court for the Southern District of Mississippi, (Doc. 18) and the Report and Recommendation ("R&R") issued by United States Magistrate Judge Camille D. Bibles on September 29, 2020 recommending that this matter be dismissed (Doc. 30).

Petitioner seeks judicial review of an order of expedited removal from the United States. (Doc. 1). Petitioner asserts that this Court has jurisdiction pursuant to *Department of Homeland Security v. Thuraissigiam*, 917 F.3d 1097 (9th Cir. 2019) ("*Thuraissigiam* I"). Subsequent to the briefing on the Motion to Dismiss, the Supreme Court reversed the Ninth Circuit's decision in *Thuraissigiam* I, and divested federal courts of subject matter jurisdiction over actions requesting judicial review of expedited removal orders. *Dep't of Homeland Sec. v. Thuraissigiam*, ___ U.S. ___, 140 S.Ct. 1959 (2020) ("*Thuraissigiam* II"). Following a sound analysis, Magistrate Judge Bibles recommends the Petition be

dismissed for lack of subject matter jurisdiction. Petitioner filed an Objection (Doc. 31)[1], to which Respondents filed a Response (Doc. 32).

## I.     Background

Raghav Raghav ("Petitioner") is a native and citizen of India, who entered the United States without inspection on or about June 30, 2019, near Calexico, California. (Doc. 1-2 at 4, 11, 23, 25-26). Petitioner was apprehended, determined to be inadmissible, and placed in expedited removal proceedings under § 235(b)(1) of the Immigration and Nationality Act ("INA"), codified at 8 U.S.C. § 1225(b)(1). (Doc. 1-2 at 2, 23-27). Petitioner expressed a fear of persecution or torture if returned to India, and he was referred for a credible fear determination and transferred to the La Palma Correctional Center in Eloy, Arizona. (Doc. 1-2 at 5, 26-27).

On August 20, 2019, Petitioner appeared before an asylum officer ("AO") for a credible fear interview. (Doc. 1-2 at 5). The AO found Petitioner failed to establish a credible fear of persecution or torture if removed to India. (*Id.* at 4, 8). Petitioner requested review by an Immigration Judge pursuant to 8 U.S.C. § 1255(b)(1)(b)(iii)(III). The Immigration Judge affirmed the AO's negative credible fear determination and, on August 21, 2019, Petitioner was ordered removed from the United States pursuant to § 235(b)(1) of the INA. (Doc. 1 at 5-6, 9; Doc. 18 at 2). On September 29, 2019, Raghav was transferred from the Eloy detention facility to the Adams County Detention Center in Natchez, Mississippi. (Doc. 18-1 at 2).

Petitioner's Count One asserts that the Asylum Office and Immigration Court violated his due process rights by ignoring evidence of his conditions in India and erroneously applying the law. (Doc. 1 at 11-17). In Count Two, Petitioner alleges that he is entitled to final agency review of the Asylum Office's negative credible fear determination pursuant to 5 U.S.C. § 704 of the Administrative Procedures Act. (*Id.* at 17-

---

[1] Petitioner's Objection to the R&R spans 18 pages, in violation of LRCiv 7.2(e)(3), which provides that "unless otherwise permitted by the Court, an objection to a Report and Recommendation issued by a Magistrate Judge shall not exceed ten (10) pages." There are grounds to strike the non-compliant Objection. Nonetheless, the Court has considered the arguments made in the Objection but cautions counsel against such actions in the future.

19).

Petitioner asks the Court to assume jurisdiction over this matter, issue a writ of habeas corpus, conduct a hearing, declare that he is being detained in violation of law because the removal order violated his statutory, regulatory, and constitutional rights, vacate the expedited removal order, order that he be provided an additional meaningful opportunity to apply for asylum and other relief from removal, and award him reasonable costs and attorney's fees. (Doc. 1).

Respondents filed a motion to dismiss or alternatively to transfer the matter. (Doc. 18). On June 26, 2020, Respondents filed a notice of supplemental authority advising the Court of the United States Supreme Court's June 25, 2020, decision in *Thuraissigiam* II. (Doc. 21). Respondents argue that in reversing the Ninth Circuit, the Supreme Court confirmed the constitutionality of jurisdiction stripping provisions of relevant federal statutes related to expedited removal procedures, therefore divesting courts of jurisdiction over these types of cases. (*Id.*)

## II. The R&R

Magistrate Judge Bibles determined that this Court does not have subject matter jurisdiction over Petitioner's claims, and they are therefore barred. (Doc. 30). The R&R recommends that the Petition be denied and the case dismissed.[2] (*Id.*)

### A. Standard of Review

"A district judge may reconsider a magistrate's order in a pretrial matter if that order is 'clearly erroneous or contrary to law.'" *Osband v. Woodford*, 290 F.3d 1036, 1041 (9th Cir. 2002) (quoting 28 U.S.C. § 636(b)(1)(A)); *See also Grimes v. City & County of S.F.*, 951 F.2d 236, 240 (9th Cir. 1991) ("The district court shall defer to the magistrate's orders unless they are clearly erroneous or contrary to law.") (citing Fed. R.Civ. P. 72(b)). "'The clearly erroneous standard applies to the magistrate judge's factual findings while the contrary to law standard applies to the magistrate judge's legal conclusions, which are

---

[2] The R&R discussed other grounds by which to grant the relief requested by Respondents, including transferring venue. Because the Court finds that it does not have subject matter jurisdiction, it will not discuss these alternative grounds.

reviewed *de novo*.'" *Lovell v. United Airlines, Inc.*, 728 F. Supp. 2d 1096, 1100 (D. Haw. 2010) (quoting *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007)). Under the "clearly erroneous" standard, "'a reviewing court must ask whether, 'on the entire evidence,' it is 'left with the definite and firm conviction that a mistake has been committed.'" *In re Optical Disk Drive Antitrust Litigation*, 801 F.3d 1072, 1076 (9th Cir. 2015) (internal quotes omitted); *accord. Easley v. Cromartie*, 532 U.S. 234, 242 (2001). "A decision is contrary to law if it applies an incorrect legal standard or fails to consider an element of the applicable standard." *Lovell*, 728 F. Supp. at 1101 (internal quotations omitted).

Moreover, in every case, it is presumed that a case is outside the jurisdiction of the federal courts unless it is proven otherwise. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). The Court is obligated to determine *sua sponte* whether it has subject matter jurisdiction. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

### B.  Expedited Removal

Congress authorized the Department of Homeland Security to summarily remove inadmissible aliens who arrived at or illegally crossed the border. This practice has come to be known as "expedited removal." 8 U.S.C. § 1225(b)(1). Under this removal mechanism, certain aliens who lack valid entry documentation or make material misrepresentations are "order[ed] . . . removed from the United States without further hearing or review unless the alien indicates either an intention to apply for asylum under [8 U.S.C. § 1158] or a fear of persecution." 8 U.S.C. § 1225(b)(1)(A)(i); *see id*. § 1182(a)(6)(C), (a)(7).

When an arriving alien indicates a desire to apply for asylum, the inspecting officer must "refer the alien for" an interview. *Id*. At the interview, an asylum officer assesses the degree of credible fear, "taking into account the credibility of the statements made by the alien in support of the alien's claim." *Id*. § 1225(b)(1)(B)(v). If an asylum officer

concludes that an alien has a credible fear, the officer refers the alien to full removal proceedings under 8 U.S.C. § 1229(a). If the asylum officer determines that the alien lacks a credible fear, the alien may seek review before an immigration judge. *Id*. § 1225(b)(1)(B)(iii)(I), (III). When an immigration judge disagrees with the asylum officer and concludes the alien has established a credible fear, the asylum officer's decision is vacated. 8 C.F.R. § 1003.42(f). Where an immigration judge finds the alien lacks a credible fear, the alien is "removed from the United States without further hearing or review." 8 U.S.C. § 1225(b)(1)(B)(iii)(I). Crucially, the INA precludes federal court review of credible-fear determinations. 8 U.S.C. §§ 1225(b)(1)(C); 1252(a)(2)(A)(iii); 1252(e)(2).

### C.  Federal Court Review

In general, courts are authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where a petitioner is "in custody under or by color of the authority of the United States . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(1), (3). However, except as provided under 8 U.S.C. § 1252(e), courts lack jurisdiction to review "any individual determination or . . . claim arising from or relating to the implementation or operation of an order of [expedited] removal." 8 U.S.C. § 1252(a)(2)(A)(i). Under § 1252(e), "review of expedited removal orders in a habeas corpus petition . . . [is] limited to an inquiry over whether: (A) the petitioner is an alien, (B) whether the petitioner was ordered removed under § 1225(b)(1), and (C) whether the petitioner can prove by a preponderance of the evidence that the petitioner is an alien lawfully admitted for permanent residence, or is a refugee or has been granted non-terminated asylum." *Galindo-Romero v. Holder*, 640 F.3d 873, 875 n.1 (9th Cir. 2011). A court may not review a credible fear determination underlying an expedited removal order, § 1252(a)(2)(A)(iii), or review whether the petitioner "is actually inadmissible or entitled to any relief from removal," § 1252(e)(5).

### D.  Analysis

Petitioner seeks review of the credible fear proceedings and negative credible fear

determination that resulted in the order for his expedited removal. (Doc. 1). The R&R recommends dismissing the Petition on the basis that the review sought is barred pursuant to the jurisdiction stripping provisions in 8 U.S.C. §§ 1252(a)(2)(A) and (e)(2), and based on the Supreme Court decision in *Thuraissigiam*. (Doc. 30).

Petitioner argues that "the expedited removal process as applied to Petitioner was violative of the procedural due process Congress has given him by statute and was arbitrary and capricious." (Doc. 31 at 6). Thus, he contends that *Thuraissigiam* II does not apply because the asylum officer and Immigration Judge did not properly apply federal regulations, resulting in his unlawful detention.[3] (*Id.*) What Petitioner fails to provide is any legal basis to explain how the jurisdiction stripping provisions contained in Sections 1252(a)(2)(A)(iii) and 1252(e)(2) provide this Court jurisdiction over his claims.

In order to resolve this dispute, the Court must analyze the Supreme Court's recent decision in *Thuraissigiam* II, which was decided during the pendency of this matter. There, the Supreme Court ruled that the limited review afforded by 8 U.S.C. § 1252(e)(2) does not violate the Suspension Clause or Due Process Clause as applied to an alien, like Petitioner, who was apprehended after crossing the border illegally and placed in expedited removal proceedings. *Thuraissigiam*, 140 S. Ct. at 1983. In *Thuraissigiam* I, the Ninth Circuit acknowledged that Section 1252(e) did not provide jurisdiction to review the petitioner's claim but nonetheless found that the Suspension Clause provided a petitioner the right to assert "legal challenges to the procedures leading to his expedited removal."[4]

---

[3] In his Objection to the R&R, Petitioner asserts for the first time that he is seeking immediate release from custody. On the one hand, Petitioner argues in the Objection that "put simply: it's not a petition for a writ of habeas if it requests anything other than the detainee's release," while on the same page arguing that "the fact that Petitioner seeks relief beyond immediate release does not deprive the court of subject matter jurisdiction." (Doc. 31 at 4). Notably absent from his Petition, however, is any request for a simple release that he now claims to seek. The Petition itself establishes that, like the petitioner in *Thuraissigiam*, Petitioner "does not want a 'simple release' but, ultimately, the opportunity to remain lawfully in the United States." *Thuraissigiam*, 140 S. Ct. at 1971. As Petitioner does not request this relief, the Court will not consider whether it would have had jurisdiction to consider the issue had it been requested in the Petition.

[4] The Ninth Circuit also discussed that it and other circuit courts throughout the country consistently denied review to these claims under Section 1252(e). Nonetheless, the Ninth Circuit concluded that Section 1252(e) violated the Suspension Clause. *Thuraissigiam v.*

*Thuraissigiam v. U.S. Dep't of Homeland Sec.*, 917 F.3d 1097 (9th Cir. 2019), rev'd and remanded. sub nom. In reversing the Ninth Circuit, the Supreme Court held that neither the Suspension Clause nor the Due Process Clause provides a petitioner the remedy of judicial review of a credible fear proceeding. *Thuraissigiam*, 140 S. Ct. at 1983. The Supreme Court clarified that an alien subject to an expedited removal order "has only those rights regarding admission that Congress has provided by statute," those being the three areas enumerated in 8 U.S.C. § 1252(e). *Id.* The court further noted that Section 1252(a)(2)(A)(i) provides that "no court shall have jurisdiction to review" a "claim arising from or relating to the implementation or operation of an order of [expedited] removal," which extends to the determination that "an alien lacks a credible fear of persecution." *Id.* at 1966.

Here, Petitioner relies on the Ninth Circuit's now vacated holding in asserting jurisdiction before this Court, stating that "importantly, Petitioner filed this habeas petition on the basis of the Ninth Circuit's decision in *Thuraissigiam v. USDHS*, published earlier this year." (Doc. 19 at 12). Clearly, this vacated decision no longer provides subject matter jurisdiction over Petitioner's claims. Petitioner seeks review of his credible fear proceedings and the negative determination that resulted in his order of removal. Petitioner's claims do not fall within one of the three limited jurisdictional grounds for challenging an expedited removal order under Section 1252(e); he does not contest that he is an alien, or that he was ordered removed, or that he had not already been granted entry as a lawful permanent resident, refugee, or asylee.[5] Therefore, the Court lacks jurisdiction to review "any individual determination or to entertain any other cause or claim arising from or relating to the implementation or operation of an order of removal . . . ." 8 U.S.C. § 1252(a)(2)(A)(i).

Accordingly, as Magistrate Judge Bibles concluded in the R&R, the prohibitions on

---

*U.S. Dep't of Homeland Sec.*, 917 F.3d 1097 (9th Cir. 2019).

[5] Petitioner admits as much when stating in his Objection that *Thuraissigiam* II held "individuals like Thuraissigiam and Petitioner here, who have barely crossed into the U.S. and have done so without permission, are afforded rights to the procedural due process created by Congress only." (Doc. 31 at 5).

- 7 -

judicial review contained in §§ 1252(a)(2) and (e)(2), and further cemented in *Thuraissigiam* II, strip this Court of jurisdiction to review Petitioner's claims. As the Court lacks subject matter jurisdiction to review the Petition, the Court will adopt the R&R and dismiss this matter with prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation (Doc. 30) is **ACCEPTED** and **ADOPTED** as the Order of this Court.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FINALLY ORDERED** that the Clerk of the Court shall terminate this action and enter judgment accordingly.

Dated this 26th day of February, 2021.

Honorable Diane J. Humetewa
United States District Judge